**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | |
|---|---|
| **EDGAR L. JOHNSON, JR.,** )<br>)<br>     **Plaintiff** )<br>) | CASE NO. 5:10CV-69-R |
|      **v.** )<br>) | |
| **ILLINOIS CENTRAL RAILROAD<br>COMPANY,** )<br>)<br>)<br>     **Defendants** ) | |

**COMPLAINT**

**I.  PARTIES AND JURISDICTION**

1. The Plaintiff, Edgar L. Johnson, Jr., is a resident of South Fulton, Tennessee.

2. The Defendant, Illinois Central Railroad Company, is an Illinois corporation whose principal place of business is in Homewood, Illinois.

3. The Defendant, Illinois Central Railroad Company, is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce.

4. The Plaintiff, Edgar L. Johnson, Jr.,  at all times referred to herein, was an employee of the Defendant, Illinois Central Railroad Company, and was acting within the line and scope of his employment for the Defendant.  The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

5. The Plaintiff's claims against the Illinois Central Railroad Company are brought pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C., §51, et seq. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the laws of the United States.

## II.  FACTS

6. On December 13, 2007, the Plaintiff, Edgar L. Johnson, Jr. , was employed as a conductor for the Defendant, Illinois Central Railroad Company, on a train which was performing switching operations at the NewPage Paper Mill near Wickcliffe, Kentucky. As Mr. Johnson was performing his duties by switching rail cars in the plant, he was exposed to toxic chemicals leaking from the rail cars. As a result, he suffered severe and permanent injuries to his lungs, vocal cords, throat, and respiratory tract.

## III.  FIRST CAUSE OF ACTION

7. The Plaintiff avers that all of his above mentioned injuries and damages were proximately caused, in whole or in part, by the negligence of the Defendant, Illinois Central Railroad Company, its agents, servants, or employees while acting within the line and scope of their employment for said defendant or by reason of a defect or insufficiency due to its negligence in its safety practices, car inspection practices, and work practices at the time and place where the Plaintiff suffered his above mentioned injuries and damages.

## IV.  SECOND CAUSE OF ACTION

8. The Plaintiff further avers that all of his injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant, Illinois Central Railroad

Company, to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for said defendant.

### V.  THIRD CAUSE OF ACTION

9.    At the time and place he suffered his injuries, the Defendant, Illinois Central Railroad Company, had a non-delegable duty to provide to the Plaintiff a reasonably safe place to work.  The Plaintiff avers that to the extent the defendant railroad delegated this duty to third parties, including NewPage Corporation, the railroad is responsible for the negligence of those third parties.  The Plaintiff avers that all of his injuries were caused by the negligent breach of this duty by the Illinois Central Railroad Company.

### VI.  DAMAGES

10.    The Plaintiff avers that as a result of the injuries he has suffered he seeks to recover the following elements of damages:

(1)    Past and future lost wages and fringe benefits;

(2)    Past and future medical expenses;

(3)    Past and future physical pain and mental anguish;

(4)    Inability to carry out the usual and normal activities of life;

(5)    Permanent physical disability; and

(6)    They were otherwise injured.

11.    As damages, each of the Plaintiffs seek to recover a sum to fully and fairly compensate him for his injuries.  The Plaintiff's damages and the amount they seek to recover are in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## VII.  JURY DEMAND

12.   The Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff brings this Complaint against the Defendant and request this Honorable Court to enter a judgment in excess of One Hundred Fifty Thousand Dollars ($150,000.00) and requests all other relief, both general and special, as mandated by the premises, and as justice may require.  Your Plaintiff also demands a jury to try this case.

*s/James H Wettermark*
James H. Wettermark
Wettermark Holland & Keith, LLC
2101 Highland Avenue S., Suite 700
Birmingham, AL 35205
205-933-9500
205-212-9500 (facsimile)
james@whklaw.com

**Defendants' Addresses**:

Illinois Central Railroad Company
c/o CT Corporation System
4169 Westport Road
Louisville, KY 40207